**Affirmed and Opinion Filed May 24, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01489-CR

## IRVIN VLADIMI CAMPOS-HERNANDEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F19-32862**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Appellant Irvin Vladimi Campos-Hernandez was indicted for aggravated robbery. Following a jury trial, he was found guilty of the offense. The jury assessed punishment at five years in prison and a $1,500 fine.

Appellant's counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes this appeal is frivolous and without merit.

Counsel certifies that he provided appellant with a copy of the brief and the motion to withdraw. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing

why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*); *see also Arevalos v. State*, 606 S.W.3d 912, 915–16 (Tex. App.—Dallas 2020, no pet.) (citing *High* and concluding *Anders* brief in support of motion to withdraw did not meet requirements of *Anders* and was deficient as to form). We advised appellant by letter of his right to file a pro se response, but he has not filed a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note two clerical errors in the judgment. First, the judgment states that the "Attorney for State" was "ELMAZI VERIME 24042652" when the record and counsel's *Anders* brief show Chalana Oliver, State Bar of Texas (SBOT) number 24103139 and Thomas Adams, SBOT number 24073824, represented the State. The record does not indicate Elmazi Verime represented the State in any capacity. Second, the judgment cites the statutory basis for the deadly weapon finding as "Tex. Code Crim. Proc. Art. 42.12 § 3g." Article 42.12 of the Texas Code of Criminal Procedure was repealed and replaced with

Chapter 42A, effective January 1, 2017. *See, e.g., Wright v. State*, No. 05-19-00112-CR, 2019 WL 6124737, at *2 (Tex. App.—Dallas Nov. 19, 2019, no pet.) (mem. op., not designated for publication); *Caballero v. State*, No. 05-18-01338-CR, 2019 WL 5112270, at *1 (Tex. App.—Dallas Oct. 10, 2019, no pet.) (mem. op., not designated for publication); *Tarver v. State*, No. 05-18-00589-CR, 2019 WL 1785342, at *2 (Tex. App.—Dallas April 24, 2019, no pet.) (mem. op. not designated for publication).

The statute relevant to the trial court's entry of an affirmative deadly weapon finding is now codified in article 42A.054(c). *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c). The indictment alleges the offense was committed on or about December 5, 2018, and the judgment was entered on November 8, 2019. Hence, article 42A.054(c) is the applicable statute. *See, e.g., Wright*, 2019 WL 6124737, at *2 (modifying judgment to reflect correct statutory basis to support deadly weapon finding as article 42A.054(c)).

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sua sponte modify the judgment to reflect that the attorneys for the State were "CHALANA OLIVER 24103139" and "THOMAS ADAMS 24073824." Additionally, because the citation to Article 42.12 § 3g in the

–3–

judgment is a clerical error and not an error of judicial reasoning, we further modify the judgment to reflect that the statutory basis for the affirmative deadly weapon finding is "Tex. Code Crim. Proc. 42A.054(c)."

We grant counsel's motion to withdraw and, as modified, affirm the judgment.

/Lana Myers/
LANA MYERS
JUSTICE

191489f.u05

Do Not Publish
TEX. R. APP. P 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IRVIN VLADIMI CAMPOS-
HERNANDEZ, Appellant

No. 05-19-01489-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1932862.
Opinion delivered by Justice Myers.
Justices Osborne and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**MODIFIED** as follows:

In the portion of the judgment entitled "Attorney for State," "ELMAZI
VERIME 24042652" is replaced with "CHALANA OLIVER
24103139" and "THOMAS ADAMS 24073824";

In the statutory basis for the special findings section on the second page
of the judgment, "Tex. Code Crim. Proc. Art. 42.12 § 3g" is replaced
with "Tex. Code Crim. Proc. art. 42A.054(c)."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 24th day of May, 2021.